**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-62815-MHM |
| | : | |
| SULLIVAN STONE, INC., | : | |
| | : | CHAPTER 11 |
| DEBTOR. | : | |

**UNITED STATES TRUSTEE'S OBJECTIONS TO APPROVAL OF**
**DEBTOR'S DISCLOSURE STATEMENT AND CONFIRMATION OF**
**DEBTOR'S PLAN OF REORGANIZATION**

COMES NOW the United States Trustee, in furtherance of the administrative responsibilities imposed by 28 U.S.C. § 586(a), and asserts the following objections to approval of the Disclosure Statement [Doc. No. 52] and confirmation of the Plan of Reorganization ("the Plan") [Doc. No. 53] filed by the Debtor in the above-captioned case on June 2, 2010.

1. No justification is provided for the Plan provisions described at pages 22 - 23 of the Disclosure Statement releasing all "members, officers, directors, employees[,] advisors, attorneys, representatives, financial advisors, investment bankers, or agents" of the Debtor or Reorganized Debtor from liability for any act or omission, other than willful misconduct or gross negligence, relating to or arising out of this bankruptcy case. These provisions do not appear on their face to benefit creditors or to be necessary to the success of the Plan and are contrary to 11 U.S.C. § 524(e), which provides, subject to an exception not applicable here, that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." *See In re Continental Airlines*, 203 F.3d 203, 212 (3d Cir. 2000) ("'The bankruptcy court has no power to discharge the liabilities of a nondebtor pursuant to the consent of creditors as part of a reorganization plan'"), quoting *Underhill v. Royal*, 769 F.2d 1426, 1432 (9th Cir. 1985); *In re Future*

*Energy Corp.*, 83 B.R. 470, 486 (Bankr. S.D. Ohio 1988) ("clear weight of decisional authority supports the proposition that Chapter 11 plans which call for the release of nonparties ... from liability upon obligations of the debtor are violative of § 524(e)"); *In re Bennett Paper Corp.*, 68 B.R. 518, 520 (Bankr. E.D.Mo. 1986 (disapproving disclosure statement for failure to inform creditors that nondebtor release provision was impermissible).

    2. The Plan and Disclosure Statement improperly characterize holders of Class 1, 2, and 3 priority tax claims in as impaired and entitled to vote. Under 11 U.S.C. § 1123(a)(1), claims of a kind specified in 11 U.S.C. § 508(a)(8) are not properly included in a voting class. *See Travelers Ins. Co. v. Bryson Properties XVIII (In re Bryson Properties XVIII)*, 961 F.2d 496, 501 n.8 (4th Cir.), *cert. denied*, 506 U.S. 866, 113 S.Ct. 1961, 121 L.Ed.2d 134 (1992) ("[P]riority tax claimants, which receive preferential treatment under the Code (see 11 U.S.C. § 1129(a)(9)(C)), are not an impaired class that can accept a plan and bind other truly impaired creditors to a cram down."). *Accord In re Perdido Motel Group, Inc.*, 101 B.R. 289, 294 (Bankr.N.D.Ala.1989); *In re Winters*, 99 B.R. 658, 663-64 (Bankr.W.D.Pa.1989).

    3. The Disclosure Statement contains no summary of Debtor's historical operating results, including its operating results during the pendency of this case, to support the income and expense projections attached as Exhibit "A" to the Disclosure Statement. The availability of such historical financial information is essential to an informed evaluation of the feasibility of the proposed Plan.

    4. Debtor has filed no operating report accounting for its receipts and disbursements during the month of May, 2010. The United States Trustee objects to any solicitation of votes by Debtor in favor of a plan of reorganization until such time as its operating reports are brought current.

5. Further information should be provided regarding the nature and value of Debtor's claim against Highway 20 Shops, LLC, referenced at page 15 of the Plan.

6. The classification of claims and interests that appears at Article 3 of the Plan does not comport with the listings that appear in Article 4 of the Plan and in the Disclosure Statement.

WHEREFORE, the United States Trustee objects to approval of the Disclosure Statement and confirmation of the Plan and requests to be heard at a hearing on this matter.

        DONALD F. WALTON
        United States Trustee
        Region 21

        */s/ James H. Morawetz*
        JAMES H. MORAWETZ
        Trial Attorney
        Georgia Bar No. 521900

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303
Tel: (404) 331-4437
Fax: (404) 331-4464
E-mail: jim.h.morawetz@usdoj.gov

## CERTIFICATE OF SERVICE

      I certify that I am over the age of 18 and that on this date I electronically filed the foregoing Notice of Appearance with the Clerk of Court using the CM/ECF system, which will cause an electronic notification of such filing to be sent to the following:

| | |
|---|---|
| Leon S. Jones, Esq. | Leslie M. Pineyro, Esq. |
| Jones & Walden, LLC | Jones and Walden, LLC |
| 21 Eighth Street, NE | 21 Eighth Street, NE |
| Atlanta, GA 30309 | Atlanta, GA 30309 |
| Email: ljones@joneswalden.com | Email: lpineyro@joneswalden.com |

      This the __8th__ day of July, 2010.

                                                        /s/ *James H. Morawetz*
                                                        JAMES H. MORAWETZ
                                                        Trial Attorney