**ENTERED ON**

**JUL 23 2010**

**DOCKET**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| **SULLIVAN STONE, INC.,** | ) | CASE NO. **10-62815** - MHM |
| | ) | |

### ORDER APPROVING DISCLOSURE STATEMENT
### AND CONFIRMING PLAN OF REORGANIZATION

On June 2, 2010, Debtor filed its *Disclosure Statement for Plan of Reorganization for Sullivan Stone, Inc.* (Doc. No. 52) and its *Plan of Reorganization* (Doc. No. 53). On July 8, 2010, the U.S. Trustee filed an Objection to Debtor's Disclosure Statement and Plan of Reorganization (Doc. No. 72). On July 9, 2010, Synovus Bank filed its Objection to Confirmation of Plan (Doc. No. 76). On July 14, 2010, to address those objections, Debtor filed its *Amended Disclosure Statement For Plan of Reorganization for Sullivan Stone, Inc.* (Doc. No. 82) (the "Disclosure Statement") and its *Amended Plan of Reorganization for Sullivan Stone, Inc.* (Doc. No. 83) (the "Plan"). Hearing was held July 21, 2010, to consider final approval of the Disclosure Statement and confirmation of the Plan. At the Hearing, Leslie M. Pineyro appeared on behalf of Debtor, James Morawetz appeared on behalf of the U.S. Trustee and David Whitridge appeared on behalf of Synovus Bank, formerly known as Columbus Bank and Trust Company, as successor in interest through name change and by merger with Athens First Bank and Trust ("AFB&T"). The parties announced that all objections to the Plan and Disclosure

Statement filed by the U.S. Trustee and Synovus Bank were resolved by the Amended Plan and Amended Disclosure Statement. No other party appeared in opposition to the Disclosure Statement or Plan.

At the Hearing, Based upon review of the evidence presented, arguments made at the Hearing, and the entire record in this case, and upon the rulings made on the record at the Hearing, which are adopted herein, the Disclosure Statement should be approved and the Plan should be confirmed:

- The Disclosure Statement complies with 11 U.S.C. §1125 and provides "adequate information" to creditors and parties-in-interest.

- As evidenced by the balloting report and submissions at the Confirmation Hearing, at least one impaired class of claims, determined without including any acceptance by an insider of Debtor, has voted to accept the Plan.

- Debtor, as proponent of the Plan, met, by a preponderance of evidence, the burden of proving the elements of Section 1129(a) and (b) of the Bankruptcy Code.

- The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

- Debtor and Debtor's respective agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

2

Accordingly, it is hereby

**ORDERED** that the Disclosure Statement is *approved* in accordance with 11 U.S.C §1125. It is further

**ORDERED** that the Plan is *confirmed* pursuant to 11 U.S.C. §1129. all provisions of the Plan as amended herein shall bind Debtor, all entities receiving property under the Plan, all creditors and all interest holders, whether or not the claims or interests of such creditors or interest holders are impaired under the Plan, and whether or not such creditors or interest holders have accepted the Plan; furthermore:

A. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are not severable and are mutually dependent.

B. This Court retains jurisdiction in this case for the limited purposes set forth in the Plan, subject to the limitation of Bankruptcy Rule 2015 and BLR 3022-1.

C. The automatic stay in effect in this case pursuant to 11 U.S.C. §362(a) shall continue in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect; provided, however, that nothing shall bar the filing of financing documents or taking of such other actions as are necessary to effectuate the transactions specifically contemplated by the Plan or this Order prior to the Effective Date.
It is further

**ORDERED** that the automatic stay of 11 U.S.C. §362(a) is *modified:* (1) to allow Synovus Bank to proceed to advertise and foreclose Debtor's real property located at 2740 Dogwood Drive SE, Conyers, Georgia 30013 in Rockdale County (the "Dogwood

Real Property") in accordance with applicable state law and the terms of its loan and security instruments, to pay the lawful claim of Synovus Bank, and to promptly remit to Debtor-in-Possession any sale proceeds that exceed the lawful claim of Synovus Bank, and (2) to allow Synovus Bank to file an application to confirm the sale in a court of competent jurisdiction pursuant to state law in accordance with the Plan. The stay of Bankruptcy Rule 4001(a)(3) is waived as to such modification of the § 362(a) stay. It is further

**ORDERED** that, unless the Court orders otherwise for good cause shown, within 120 days from the date of entry of this Orders, as required by BLR 3022-1(b), Debtor shall file a Final Administrative Expense Report, stating whether the estate has been fully administered within the meaning of Bankruptcy Rule 3002, together with an application for a final decree closing the case. It is further

**ORDERED** that, within three days after the entry of this order, Debtor's attorney shall serve a copy of this Order and Notice upon Debtor, the U.S. Trustee and all creditors and parties in interest and shall file a certificate of service within three days thereafter.

IT IS SO **ORDERED**, this the 22 day of July, 2010

MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE

Draft Prepared and Presented by:

JONES & WALDEN, LLC

_____/s/_____
Leslie M. Pineyro
Georgia Bar No.969800
21 Eighth Street, NE
Atlanta, GA 30309
Counsel for Debtor and Debtor in Possession

## DISTRIBUTION LIST

Leslie M. Pineyro
Jones & Walden, LLC
21 Eighth Street
Atlanta, GA 30309

Office of the US Trustee
362 Richard B. Russell Bldg.
75 Spring Street, S.W.
Atlanta, GA 30303